```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

-------------------------------x
CAROLOS PAVIA,                 :
                               :
            Plaintiff,         :
                               :
v.                             :    Civil Action No. 14cv659 (AWT)
                               :
SEVERN TRENT SERVICES, INC.,   :
                               :
            Defendant.         :
-------------------------------x
```

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Carolos Pavia brings two causes of action, breach of contract and promissory estoppel, against defendant Severn Trent Services, Inc. ("Severn Trent"). The defendant moves to dismiss the Complaint. For the reasons set forth below, the motion is being granted.

**I.   Factual Allegations**

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).

On August 14, 2013, the defendant extended an offer of employment to the plaintiff. The offer was contingent on the plaintiff's successful completion of pre-employment screening requirements. The plaintiff completed the screening

requirements. Relying on the defendant's promise of employment, the plaintiff did not seek employment elsewhere.

On December 27, 2013, the defendant rescinded its offer of employment based on its contention that the plaintiff failed the drug screening test. After being informed by the defendant that he had failed the drug screening test, the plaintiff, on two separate occasions, submitted to tests by an independent drug testing facility which refuted the defendant's contention.

In the Complaint, the plaintiff alleges that the defendant breached its offer of employment based on its erroneous contention that the plaintiff had failed its drug screening test. The plaintiff also alleges that he was injured because he relied on the defendant's promise of employment.

## II.  Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265,

2

286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue [on a motion to dismiss] is not whether [the] plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990)(citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the

pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**III. Discussion**

    **A.   First Cause of Action (Breach of Contract)**

"In Connecticut, an employer and employee have an at-will employment relationship in the absence of a contract to the contrary.  Employment at will grants both parties the right to terminate the relationship for any reason, or no reason, at any time without fear of legal liability." Thibodeau v. Design Grp. One Architects, LLC, 260 Conn. 691, 697-98 (2002).  "[N]o distinction [is] drawn between the offer of employment and the actual act of employment when the employment relationship is at will."  Petitte v. DSL.net, Inc., 102 Conn. App. 363, 371 (Conn. App. Ct. 2007).  "[T]herefore, . . . the employment at will doctrine extends to offers of at-will employment." Id.

Here, the plaintiff alleges that the defendant extended an offer of employment on August 14, 2013.  The plaintiff also alleges that on December 27, 2013, the defendant rescinded its offer of employment based on its contention that the plaintiff failed a drug screening test.  The plaintiff has not alleged the existence of a contract that would supersede his at-will offer

4

of employment from the defendant.[1]  In fact, the defendant's August 14, 2003 letter of offer of employment, which is attached to the Complaint, states: "This offer is, of course, not an employment contract . . . .  Severn Trent Services is an at-will employer.  As an employee you may resign at any time.  Similarly, Severn Trent may terminate the employment relationship at any time, with or without cause or notice."  (Compl., Exhibit A, Doc. No. 1.)  Therefore, under Connecticut law, in the absence of a contract to the contrary, the defendant was able to rescind its offer of employment, and the plaintiff's First Cause of Action fails to state a claim upon which relief can be granted.

     **B.**    **Second Cause of Action (Promissory Estoppel)**

"A claim for promissory estoppel requires '[1] a clear and unambiguous promise; [2] a reasonable and foreseeable reliance by the party to whom the promise is made; and [3] an injury sustained by . . . reason of his reliance.'"  Dacourt Grp., Inc. v. Babcock Indus., Inc., 747 F. Supp. 157, 161 (D. Conn. 1990) (citing R.G. Grp. Inc. v. Horn & Hardart Co., 751 F.2d 69, 78 (2d Cir. 1984)).

The plaintiff alleges, inter alia, that the defendant promised the plaintiff employment, that the plaintiff relied on

---

[1] While the plaintiff alleges, based on a collective bargaining agreement to which the defendant is a party, that "upon becoming an employee of the defendant, Severn Trent Services, Inc., he could not be terminated except for 'just cause'" (Compl., ¶ 19), the plaintiff concedes that he "does not allege that he was currently covered by the collective bargaining agreement."  (Mem. in Opp., Doc. No. 16, at 4.)

5

that promise and did not seek employment elsewhere, and that the plaintiff suffered a loss of employment as a result of his reliance on the promise of employment.  Based on the plaintiff's allegations, he has not alleged sufficient detrimental reliance injury.  "Forbearance from seeking job opportunities is not sufficient to show detrimental reliance for purposes of promissory estoppel because it is too speculative to establish detriment."  Curcio v. Hartford Fin. Servs. Grp., 472 F. Supp. 2d 239, 245 (D. Conn. 2007) (internal brackets omitted).  Therefore, because the plaintiff alleges no other form of detriment, his Second Cause of Action fails to state a claim upon which relief can be granted.

**IV.  Conclusion**

Accordingly, Defendant's Motion to Dismiss (Doc. No. 14) is hereby GRANTED.  The Complaint is dismissed.

The Clerk shall close this case.

It is so ordered.

Signed this 5th day of February 2015 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge